UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 12 CV 6747

--------------------------------------------------------------x

**JOEL LANDAU;**
*Plaintiff,*

Case No._____

vs.

**NATIONWIDE CREDIT INC.;**
*Defendant,*

TRIAL BY JURY DEMANDED

--------------------------------------------------------------x

## VERIFIED COMPLAINT PURSUANT TO THE FAIR CREDIT REPORTING ACT

### JURISDICTION

1. This court possesses jurisdiction under 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 2201, 15 U.S.C. § 1691(A) *et seq.*

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Joel Landau, (hereinafter "Plaintiff"), a natural individual who resides in the State of New York, in the County of Rockland, and is a consumer as defined by FCRA 15 U.S.C. § 1681a(c).

4. The Defendant in this lawsuit is NATIONWIDE CREDIT INC. (hereinafter "Defendant") an entity with its principle place of business located at 2002 Summit Blvd. Suite 600, Atlanta, GA 30319 and is a furnisher of consumer information to consumer reporting agencies 15 U.S.C. § 1681s-2.

### VENUE

5. The occurrences which give rise to this action occurred in Rockland County, New York and Plaintiff resides in Rockland County, New York.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391b(2).

RECEIVED
PRO SE OFFICE
2012 SEP -1  P 2: 06

## FACTUAL ALLEGATIONS

7. Plaintiff obtained his consumer credit report from the credit reporting agencies and found entries by entities that were unfamiliar to him within the report.

8. Plaintiff found after examination of his Experian credit report that Defendant had obtained Plaintiff's Experian credit report on December 31, 2009, on September 18, 2010, and again on November 19, 2010 (See a copy attached hereto as Exhibit A).

9. On or about December 8, 2011, Plaintiff mailed a dispute letter to Experian via U.S. Certified Mail Receipt # 7011 0470 0000 0845 1057 and informed them that Plaintiff never gave permission for the Defendant to obtain his credit report and requested that Experian should verify and remove the erroneous inquiries from his credit file (See a copy attached hereto as Exhibit B).

10. Experian failed to respond with a general or specific certification as to what permissible purpose the Defendant may have had when they obtained the Plaintiff's consumer credit report.

11. On or about December 29, 2011, Plaintiff mailed a letter to the Defendant via U.S. Mail Receipt # 9405 5036 9930 0356 6920 19, and requested for a general or specific certification as to what permissible purpose they may have had, and also informed them that Plaintiff never incurred any financial obligation with them, and demanded that the inquiries on Plaintiff's credit report to be removed (See a copy attached hereto as Exhibit C).

12. Upon Plaintiff's request for proof, and deletion, the Defendant failed to respond with any reason as to why and where they may have had permissible purpose to obtain the Plaintiff's consumer credit report, nor did they respond with any signed contract or agreement obligating the Plaintiff to pay any type of a debt.

13. On or about August 8, 2012 Plaintiff mailed a **Notice of Pending Lawsuit** to Defendant via U.S. Certified Mail Receipt # 7011 2970 0003 5227 7340 this was an effort to mitigate damages and

2

reach a settlement outside of court pertaining their violations in obtaining Plaintiff's consumer credit report pursuant to the FCRA and that they are subject to a $1000 fine each time a violation was done (See a copy attached hereto as Exhibit D).

14. Defendant failed to respond to Plaintiff's Notice.

15. Discovery of violation brought forth herein is still within the statute of limitations as defined in FCRA 15 U.S.C. § 1681p(1).

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)**
**15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE**
**BY DEFENDANT NATIONWIDE CREDIT INC.**

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

18. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

19. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

20. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

21. Congress enacted the FCRA in part to stringently protect consumer privacy interests from unwarranted and illegal intrusions.

22. The Plaintiff never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant that could claim to have permissible

purpose to obtain his credit reports as defined by the FCRA.

23. On December 31, 2009 Defendant obtained the Experian consumer credit report for the Plaintiff without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

24. At no time has the Plaintiff personally granted to Defendant the right to acquire his credit report from any credit reporting agency.

25. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

26. To lawfully obtain a consumer credit report, a "user" which makes an inquiry for the report must comply with the provisions of 15 U.S.C. § 1681b(f), which states: A person shall not use or obtain a consumer report for any purpose unless: 1. the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and 2. the purpose is certified in accordance with section 1681e by a prospective user of the report through a general or specific certification.

27. Defendant knowingly and willfully, intentionally, recklessly, and/or negligently violated the provisions of the FCRA by obtaining the Plaintiff's Experian consumer credit report without permissible purpose in violation of FCRA, 15 U.S.C. § 1681b(f).

28. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

29. The Defendant's conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

30. In the alternative, Defendant's conduct was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action rendering them liable for actual, statutory, and even punitive damages an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a).

32. The actions of Defendant in obtaining the consumer credit report of the Plaintiff without permissible purpose under false pretenses, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

33. In an attempt to mitigate damages and to reach a settlement outside of court with the Defendant pertaining to its FCRA violations in obtaining Plaintiff's consumer credit report, Plaintiff mailed on August 8, 2012 a **Notice of Intent to Sue** before filing this action. Defendant never engaged the Plaintiff in settlement discussions; therefore Plaintiff had no choice but to seek damages in this honorable court.

34. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty under 15 U.S.C. § 1681s2(b) to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

35. Intentionally failing to provide Plaintiff with a statement that the consumer reporting agency from which it obtained a consumer report did not make the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

36. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

  **WHEREFORE,** Plaintiff demands judgment for damages in his favor against Defendant for statutory damages of $1000.00, any attorney's fees, pursuant to 15 U.S.C. § 1681n.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE
## BY DEFENDANT NATIONWIDE CREDIT INC.

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

39. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

40. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

41. The Plaintiff never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant that could claim to have permissible purpose to obtain his credit reports as defined by the FCRA.

42. On September 18, 2010 Defendant obtained the Experian consumer credit report for the Plaintiff without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

43. At no time has the Plaintiff personally granted to Defendant the right to acquire his credit report from any credit reporting agency.

44. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

45. To lawfully obtain a consumer credit report, a "user" which makes an inquiry for the report must comply with the provisions of 15 U.S.C. § 1681b(f), which states:  A person shall not use or obtain a consumer report for any purpose unless: 1. the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and 2. the purpose

6

is certified in accordance with section 1681e by a prospective user of the report through a general or specific certification.

46. Defendant knowingly and willfully, intentionally, recklessly, and/or negligently violated the provisions of the FCRA by obtaining the Plaintiff's Experian consumer credit report without permissible purpose in violation of FCRA, 15 U.S.C. § 1681b(f).

47. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

48. The Defendant's conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Defendant's conduct was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

50. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action rendering them liable for actual, statutory, and even punitive damages an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a).

51. The actions of Defendant in obtaining the consumer credit report of the Plaintiff without permissible purpose under false pretenses, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

52. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty under 15 U.S.C. § 1681s2(b) to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

53. Intentionally failing to provide Plaintiff with a statement that the consumer reporting agency

from which it obtained a consumer report did not make the adverse action and is unable to

provide the consumer with the specific reason why the adverse action was taken.

54. There was no account that the Defendant had any right to collect to have had permissible purpose

to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for damages in his favor against Defendant

for statutory damages of $1000.00, any attorney's fees, pursuant to 15 U.S.C. § 1681n.


## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE
## BY DEFENDANT NATIONWIDE CREDIT INC.

55. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though
fully stated herein.

56. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

57. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

58. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a

consumer credit report.

59. The Plaintiff never had any signed contracts, business dealings, or any accounts with, made

application for credit from, made application for employment with, applied for insurance from,

or received a bona fide offer of credit from the Defendant that could claim to have permissible

purpose to obtain his credit reports as defined by the FCRA.

60. On November 19, 2010 Defendant obtained the Experian consumer credit report for the Plaintiff

without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

61. At no time has the Plaintiff personally granted to Defendant the right to acquire his credit report

from any credit reporting agency.

62. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

63. To lawfully obtain a consumer credit report, a "user" which makes an inquiry for the report must comply with the provisions of 15 U.S.C. § 1681b(f), which states:  A person shall not use or obtain a consumer report for any purpose unless: 1. the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and 2. the purpose is certified in accordance with section 1681e by a prospective user of the report through a general or specific certification.

64. Defendant knowingly and willfully, intentionally, recklessly, and/or negligently violated the provisions of the FCRA by obtaining the Plaintiff's Experian consumer credit report without permissible purpose in violation of FCRA, 15 U.S.C. § 1681b(f).

65. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

66. The Defendant's conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67. In the alternative, Defendant's conduct was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

68. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action rendering them liable for actual, statutory, and even punitive damages an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a).

69. The actions of Defendant in obtaining the consumer credit report of the Plaintiff without

permissible purpose under false pretenses, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

70. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty under 15 U.S.C. § 1681s2(b) to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

71. Intentionally failing to provide Plaintiff with a statement that the consumer reporting agency from which it obtained a consumer report did not make the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

72. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

  **WHEREFORE,** Plaintiff demands judgment for damages in his favor against Defendant for statutory damages of $1000.00, any attorney's fees, pursuant to 15 U.S.C. § 1681n.

### PRAYER FOR RELIEF

  **WHEREFORE,** Plaintiff respectfully prays that he has a jury trial on all issues and judgment be awarded in his favor and against the Defendant as follows:

1. Statutory damages pursuant to 15 U.S.C. § 1681, *et seq.*
2. Attorney's fees, Other fees and costs pursuant to 15 U.S.C. § 1681, *et seq.*
3. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(B), for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FCRA violations under false pretenses, in an amount to be determined at trial for Plaintiff;
4. That Plaintiff recovers for the deprivation of his civil rights and liberties in an amount to be determined by the enlightened conscience of a jury.
5. That Plaintiff recover punitive damages in an amount to be determined by the

enlightened conscience of a jury sufficient to prevent these actions herein from occurring again; and,

6. That Plaintiff recover fee and costs of litigation as allowed under 42 U.S.C. 1988 and State law; and

7. That Plaintiff recover such other an further relief as is just and proper; and,

8. That Plaintiff's demand that all issues be tried before a jury be granted.

## DEMAND FOR TRIAL BY JURY ON ALL COUNTS

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: September 4, 2012                    Respectfully Submitted,

By: _____

Joel Landau
100 Lawrence Street, Suite 110
Nanuet, NY 10954
Lu10952@gmail.com

## CERTIFICATION & AFFIRMATION OF SERVICE

I Joel Landau hereby certify and declare under penalty of perjury that a true and correct copy of the above and foregoing Complaint is being mailed after it's filed thru the U.S. Mail to the parties listed below.

NATIONWIDE CREDIT INC.
2002 Summit Blvd. Suite 600                    Dated: September 4, 2012
Atlanta, GA 30319
Certified Receipt # 7011 2000 0000 9436 7231

By: _____

Joel Landau

11

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK      )
                       ) ss
COUNTY OF ROCKLAND )


Plaintiff, Joel Landau, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding.
2. I have read the foregoing Verified Complaint and I believe that all of the facts contained therein are true to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Pursuant to 28 U.S.C. § 1746(2), I, Joel Landau, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.


Dated: September 4, 2012


By: _____
                Joel Landau

# EXHIBIT A



Experian
A world of insight

☒ Close window

## Online Personal Credit Report from Experian for

Experian credit report prepared for
**JOEL LANDAU**
Your report number is

Report date:

Index:
- Contact us
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Know your rights

🖨 **Print report**

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider." Consumer statements included on your report at your request that contain medical information are disclosed to others.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Contact us                                                                            back to top

Need to view your report again or dispute information? Access your report online at www.experian.com/viewreport.
You may also contact us by mail at:
NCAC
P.O. Box 9701
Allen, TX 75013

Or, by phone at:
1 800 493 1058
Monday through Friday, 9 am to 5 pm in your time zone.

## Potentially Negative Items or items for further review                                back to top

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

| Payment history legend | | | |
|---|---|---|---|
| OK | Current/Terms of agreement met | VS | Voluntarily surrendered |
| 30 | Account 30 days past due | R | Repossession |
| 60 | Account 60 days past due | PBC | Paid by creditor |

## NATIONWIDE CREDIT INC

Address:
2002 SUMMIT BLVD STE 600
ATLANTA GA 30319
(800) 456-4729
Address Identification Number:

Comments:

Date of Request:
09/18/2010

## CREDITORS INTERCHANGE

Address:
80 HOLTZ DR
BUFFALO NY 14225
*No phone number available*
Address Identification Number:
0384177692
Comments:
Collection purpose. This inquiry is scheduled to continue on record until Oct 2012.

Date of Request:
09/03/2010

## CLIENT SERVICES INC

Address:
3451 HARRY S TRUMAN BLVD
SAINT CHARLES MO 63301
(636) 947-2321
Address Identification Number:
0384177692
Comments:
Permissible purpose. This inquiry is scheduled to continue on record until Aug 2012.

Date of Request:
07/23/2010

## FIA CSNA

Address:
PO BOX 982238
EL PASO TX 79998
(800) 421-2110
Address Identification Number:
0384177692
Comments:
Permissible purpose. This inquiry is scheduled to continue on record until Aug 2012.

Date of Request:
07/12/2010

Address:
3 TERRY DR STE 101
NEWTOWN PA 18940
*No phone number available*
Address Identification Number:
0384177692
Comments:

Date of Request:
02/15/2011

Permissible purpose. This inquiry is scheduled to continue on record until Mar 2013.

## ARS NATIONAL SERVICES

Address:
201 W GRAND AVE
ESCONDIDO CA 92025
*No phone number available*
Address Identification Number:
0384177692
Comments:

Date of Request:
02/13/2011

Collection purpose. This inquiry is scheduled to continue on record until Mar 2013.

## ARS NATIONAL SERVICES

Address:
201 W GRAND AVE
ESCONDIDO CA 92025
*No phone number available*
Address Identification Number:
0384177692
Comments:

Date of Request:
01/22/2011

Collection purpose. This inquiry is scheduled to continue on record until Feb 2013.

## NATIONWIDE CREDIT INC

Address:
2015 VAUGHN RD NW STE 400
KENNESAW GA 30144
(800) 456-4729
Address Identification Number:

Date of Request:
11/19/2010

## CBCINNOVIS

Address:
PO BOX 1838
COLUMBUS OH 43216
*No phone number available*
Address Identification Number:
0384177692
Comments:

Date of Request:
11/08/2010

Installment loan on behalf of 381 FLAGSTAR BANK COMM. This inquiry is scheduled to continue on record until Dec 2012.

Experian

Equifax

Aug Sep Oct Nov Dec '04 Feb Mar Apr May Jul Aug Sep Oct Nov Dec '05 Feb Mar Apr May Jun Jul

**Remarks:**

[TransUnion] Charged off as bad debt
Canceled by credit grantor
[Experian] Account has been closed due to inactivity.
Unpaid balance reported as a loss by credit grantor.

[Equifax]

**Other Accounts:** Accounts in which the exact category is unknown
None Reported

**Collection Accounts:** Accounts seriously past due

### ARROW FINANCIAL SERVIC

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | ARROW FINCL | ARROW FINANCIAL SERVIC | |
| Account No.: | 4183**** | 4183**** | |
| Original Creditor: | PLAINS COMMERCE BANK | PLAINS COMMERCE BANK | |
| Responsibility: | Individual | Individual | |
| Condition: | Derogatory | Derogatory | |
| Original Balance: | $454 | $454 | |
| Balance: | $653 | $653 | |
| Date Opened: | 03/06/2008 | 03/2008 | |
| Date Reported: | 08/07/2010 | 08/07/2010 | |

**Remarks:**

[TransUnion] Placed for collection

[Experian]

[Equifax]

## PUBLIC INFORMATION

None Reported

## INQUIRIES

| | Date of Inquiry | Credit Bureau |
|---|---|---|
| ATTWS MNY | 01/10/2010 | Equifax |
| NATIONWIDE CREDIT INC | 12/31/2009 | Experian |
| WEBBANK/DFS | 12/04/2009 | Experian |

## CREDITOR CONTACTS

| | Address | Phone Number |
|---|---|---|
| ACTION CARD/BANKFIRST | PO BOX 105555 ATLANTA, GA 30348 | BY MAIL ONLY |
| ACTIONCARD | POB 105555 ATLANTA , GA 30348 | |
| AMERICAN EXPRESS | P O BOX 981537 EL PASO , TX 79998 | (800) 874-2717 |
| AMEX | PO BOX 297871 FORT LAUDERDALE, FL 33329 | (800) 874-2717 |
| ARROW FINANCIAL SERVIC | 5996 W TOUHY AVE NILES, IL 60714 | (800) 279-0224 |
| ARROW FINANCIAL SERVICES | 8589 AERO DRIVE 600 SAN DIEGO , CA 92123 | |

**EXHIBIT B**

From:                                                                December 8, 2011
Joel Landau
100 Lawrence Street, Suite 110
Nanuet, NY  10954

To:
Experian
Attn: Legal Department
P.O. Box 9701
Allen,  TX  75013

RE:  Joel Landau / xxx-00-xxxx / 0x/xx/xxx0

To Whom It May Concern:

According to the Fair Credit Reporting Act YOU ARE REQUIRED TO HAVE VERIFIABLE
PROOF of any account you list on my credit report, otherwise anyone with the ability to report to
you could fax or email in a fraudulent account.  I demand to see what proof you have of the
below listed accounts which are unverifiable.  Your failure to verify has hurt my ability to obtain
credit.  I demand that they be removed immediately!

I am officially disputing the following entries on my report for the aforementioned reason:

MIDLAND CREDIT MANAGEMENT
Account Number:  ****

I did not authorize the following inquiries on my credit report. I believe that they were obtained
fraudulently. Please remove them.

CAVALRY PORTFOLIO SERVICES, LLC
CREDITORS FINANCIAL
CLIENT SERVICES INC
NATIONWIDE CREDIT INC.
CREDITORS FINANCIAL
CAVALRY PORTFOLIO SERVICES, LLC
FIA CSNA
BANK OF AMERICA
ENHANCED RECOVERY CO LLC
NATIONWIDE CREDIT INC.
VERIZON COMMUNICATION E
RJM ACQUISITIONS FUNDING, LLC
CAVALRY PORTFOLIO SERVICES, LLC
NATIONWIDE CREDIT INC.

I am hereby requesting that the following actions be taken to verify these entries as to what
permissible purpose they may have had to obtain my credit report that were allowed by your
agency:

- *I would like to see verified proof of the consumer contract with my signature on it between me and the disputed company or a power of attorney or assignment contract between the disputed company and the principal creditor.*
- *I would like to see the agency notice to the above users and/or furnishers of information provided by your establishment informing them of their responsibility to provide accurate and valid information*

According to **§ 609. Disclosures to consumers [15 U.S.C. 1681g]** you have an obligation to provide the requested verification of any and all accounts you posted on your report.

Failure to perform the above obligation will result in action pursuant to
**§ 616.  Civil liability for willful noncompliance**
**§ 617.  Civil liability for negligent noncompliance**

These request(s) are being made as a result to an injury of damage to my reputation for credit worthiness and this is prohibited by the  **FCRA § 609.**

I would appreciate all actions to rectify this situation to be made within (30) days, which is stated in  **§611. Procedure in case of disputed accuracy [15 U.S.C. 1681i] (a)(1)(A)(5).**

Please provide me with a description of the reinvestigation procedure for all items. Please provide me with the source of information for all items. Please send me all information in my consumer file. Please send me an updated copy of my credit report. Thank you for your cooperation in advance.

Sincerely,

Joel Landau
SS:    xx0-00-xxx0
DOB: 0x/00/0000

P.S.  Please find enclosed a copy of my Drivers License to verify identity.



# U.S. Postal Service Track & Confirm email Restoration - 7011 0470 0000 0845 1057

**U.S._Postal_Service_**< U.S._Postal_Service@usps.com>

This is a post-only message. Please do not respond.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 7011 0470 0000 0845 1057

Service Type: Certified Mail(TM)

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | ALLEN TX 75013 | 12/13/11  1:24pm |
| Arrival at Unit | ALLEN TX 75002 | 12/13/11  1:09pm |
| Depart USPS Sort Facility | COPPELL TX 75099 | 12/13/11 |
| Processed through USPS Sort Facility | COPPELL TX 75099 | 12/11/11  2:26am |
| Dispatched to Sort Facility | HARRIMAN NY 10926 | 12/08/11  5:01pm |
| Acceptance | HARRIMAN NY 10926 | 12/08/11  3:57pm |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm site at http://www.usps.com/shipping/trackandconfirmfaqs.htm

**EXHIBIT C**

From:                                                            December 29, 2011
Joel Landau
100 Lawrence Street, Suite 110
Nanuet, NY 10954

To:
NATIONWIDE CREDIT INC.
2002 Summit Blvd. Suite 600
Atlanta, GA  30319

Re:  Unauthorized Credit Inquiries.

Dear NATIONWIDE CREDIT,

Kindly note that while checking my personal credit report which I acquired from
Experian, I noticed several inquiries made by your organization.

The details of the inquiries are as follows:

Inquiry made on: 12/31/2009 Inquiry made on: 9/18/2010 Inquiry made on: 11/19/2010

Since I have not approved your organization or any person associated with it to the best
of my knowledge, you were not legally entitled to make these inquiries. Hence, I request
you to contact the concerned credit bureau and the credit reporting agencies and remove
the unauthorized hard inquiries as it violates the Fair Credit Reporting Act, Section
**1681b(c):** Transactions Not Initiated by Consumer. The *Fair Credit Reporting Act* allows
only authorized inquiries to appear on the consumer credit report. I also request you to
remove my personal information from your records after removing the unauthorized
inquiries from my credit profiles as I never had any contracts, accounts, with your
company.  Please send me a written confirmation that you have kept my requests.  You
are also financially harming me with this unauthorized inquiries, which is a strict
violation of Title 48 FAR 50.201 and FCRA 604(A)(3).

If you believe that you possess sufficient documentation that supports your authorization
to make the inquiry, please be kind enough to forward me a copy of the same at my
current address so that I may verify the validity.

You should also be aware that sending unsubstantiated demands for payment through the
United States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Credit Reporting
Act will be construed as your absolute waiver of any and all claims against me, and your
tacit agreement to compensate me for costs and attorneys fees.

If I do not have confirmation that you have deleted the inquiry or documentation that supports an authorized inquiry, then I will have no choice but to take all legal steps necessary to protect myself and you will be subject to a minimum fine of $1,000.00 for each violation.

December 29, 2011                    Respectfully submitted,


By: _____
    Joel Landau, authorized representative


Sent by U.S. Mail Receipt # 9405503699300356692019

**EXHIBIT D**

From:                                                                    August 8, 2012
Joel Landau
100 Lawrence Street, Suite 110
Nanuet, NY 10954

To:
**NATIONWIDE CREDIT INC.**
**2002 Summit Blvd. Suite 600**
**Atlanta, GA 30319**

<u>**NOTICE OF PENDING LAWSUIT**</u>

To whom it may concern:

    This is being sent prior to filing lawsuit as an opportunity to amicably cure **NATIONWIDE CREDIT INC's** violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681.

    I am willing to settle these matters amicably without having to file suit and am giving you Twenty days from receipt of this letter to take the opportunity to do so. If **NATIONWIDE CREDIT INC.** chooses not to settle the matters at hand then I will have no choice but to file suit and seek my remedy in a court of law.

    Please inform me of your intentions immediately. If I do not hear from you, I assure you that I will follow through with the actions listed above. Your refusal to respond will be taken as a tacit admission that you are in violation of the law and wish these issues to be adjudicated in Federal court. I will entertain your settlement agreement. Barring lack of response from you in this matter we will proceed to the Federal Court to resolve it. Don't make the mistake of ignoring this. The ball is in your court. Consider yourselves warned!

I can be reached directly at via email at: ⟨illegible⟩@gmail.com

**Respectfully Submitted,**

By: _____

Joel Landau

P.S. Please see an attach copy of the complaint as it will be filed on 8/31/2012

English          Customer Service          USPS Mobile                                                    Register / Sign In

**USPS.COM**

Search USPS.com or Track Packages

Quick Tools              Ship a Package        Send Mail          Manage Your Mail        Shop          Business Solutions

# Track & Confirm

GET EMAIL UPDATES        PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70112970000352277340 | First-Class Mail® | Delivered | August 13, 2012, 12:49 pm | ATLANTA, GA 30319 | **Expected Delivery By:** August 11, 2012 Certified Mail™ |
| | | Notice Left (No Authorized Recipient Available) | August 11, 2012, 8:47 am | ATLANTA, GA 30319 | |
| | | Arrival at Unit | August 11, 2012, 6:44 am | ATLANTA, GA 30319 | |
| | | Dispatched to Sort Facility | August 08, 2012, 6:01 pm | MONROE, NY 10950 | |
| | | Acceptance | August 08, 2012, 2:46 pm | MONROE, NY 10950 | |

## Check on Another Item

What's your label (or receipt) number?

Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.



U.S. POSTAGE
PAID
MONROE, NY
SEP 04 '12
$5.20
AMOUNT
0002853-04

1000G   I0007

UNITED STATES COURTHOUSE
PRO SE OFFICE – S.D.N.Y.
500 PEARL STREET, Room 230
NEW YORK, NY 10007-1316

USM 83
USDNY

PRIORITY MAIL
www.usps.gov

Joel Landau
100 Lawrence Street, Suite 110
Nanuet, NY 10954

USPS TRACKING NUMBER

9502 5102 8343 2248 4488 62